IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHN L. POOLE,

    Plaintiff,

v.

CITY OF SALEM, *et al.*,

    Defendants.

Case No. 6:18-cv-01175-AA
**OPINION AND ORDER**

AIKEN, Judge:

In this action for judicial review under the Administrative Procedure Act, plaintiff John L. Poole alleges that defendants—the City of Salem and various state and federal agencies—failed to perform the review required by Section 106 of the National Historic Preservation Act ("NHPA") before enacting zoning changes that will pave the way for new commercial construction pursuant to the City's State Street Corridor Plan. Plaintiff owns resides at and owns real property located in the National Register Court Chemeketa Residential District ("District"), a 38.57-acre area of land listed on the National Register of Historical Places and partially located within the "Study Area" as defined by the Intergovernmental Agreement governing the State

Page 1 – OPINION AND ORDER

Street Corridor Plan. Defendants' response to the Complaint is due August 31, 2018, pursuant to an extension of time I granted over plaintiff's opposition.

Plaintiff now moves for a temporary restraining order and preliminary injunction "restraining defendant City of Salem from enacting into law proposed zoning laws and Comprehensive Plan changes arising under the federally funded State Street Corridor Plan until a decision by a federal court on whether defendants have complied with Section 106 Review 54 U.S.C. [§] 306108 under the National Historic Preservation Act ("NHPA")." Mot. for Temp. Restraining Order & Prelim. Inj. 1 (footnote omitted). Plaintiff asserts that a preliminary injunction is required because the City of Salem plans to enact those changes at a City Council meeting scheduled to take place this evening, Monday, August 13, at 6:00pm.

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff may demonstrate eligibility for preliminary injunctive relief by showing (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def. Council*, 555 U.S. 7, 21 (2008). Alternatively, under the Ninth Circuit's "sliding scale" approach to preliminary injunctions, a plaintiff may obtain preliminary injunctive relief by showing "serious questions going to the merits," that "the balance of hardships tips sharply in the plaintiff's favor," a likelihood of irreparable harm, and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Whichever formulation of the test applies, "[a] preliminary injunction is an extraordinary remedy never awarded as of right, and the grant of a preliminary injunction is a matter committed to the discretion of the trial judge[.]"

*Epona v. Cty. of Ventura*, 876 F.3d 1214, 1227 (9th Cir. 2017) (internal quotation marks and citations omitted) (alterations normalized).

Plaintiff has not shown that a preliminary injunction is warranted against the City of Salem because he has not shown serious questions going to the merits of any claim against the City of Salem. Plaintiff asserts that defendants failed to complete the Section 106 review required by NHPA, but there is no private right of action to enforce Section 106. *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1099 (9th Cir. 2005). In the alternative, plaintiff contends that the failure to conduct a Section 106 review violates the National Environmental Policy Act ("NEPA"). But NEPA, like Section 106 of NHPA, authorizes no private right of action to enforce its provisions. *Id.* at 1097.

Recognizing the absence of a private right of action under NEPA or NHPA, plaintiff alleges that a provision in the Intergovernmental Agreement governing the State Street Corridor Plan requires the City of Salem to comply with "all federal laws[.]" Kim Decl. Ex. C at 6. That agreement expressly states that the Oregon Department of Transportation and the City of Salem "are the only parties to this Agreement and are the only parties entitled to enforce the terms of this Agreement." *Id.* at 7. Accordingly, plaintiff does not have standing to assert a claim for breach of the Intergovernmental Agreement. *Sisters of St. Joseph of Peace, Health, & Hosp. Servs. v. Russell*, 867 P.2d 1377, 1380 (Or. 1994) (describing Oregon law governing who qualifies as a third-party beneficiary of a contract).

Plaintiff asserts that this case arises under the Administrative Procedures Act ("APA"). But the APA is not a viable vehicle for plaintiff's claims against the City of Salem (or the state agency defendants) because "actions under the APA may brought only against *federal* agencies." *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014)

(emphasis added). Because it does not appear that plaintiff has a viable cause of action against the City of Salem, he cannot demonstrate serious questions going to the merits—a deficiency fatal to his request for preliminary injunctive relief.

Even if plaintiff had satisfied the requirements for preliminary relief, I would be disinclined to exercise my discretion to grant such relief. Plaintiff asks me to stop a local legislative body from acting.

> In this country, democracy in government is, of course, viewed as a good and normal thing. When a federal court before trial enjoins the enforcement of a municipal ordinance adopted by a duly elected city council, the court overrules the decision of the elected representatives of the people and, thus, in a sense interferes with the processes of democratic government. Such a step can occasionally be justified by the Constitution (itself the highest product of democratic processes). Still, preliminary injunctions of legislative enactments—because they interfere with the democratic process and lack the safeguards against abuse or error that come with a full trial on the merits—must be granted reluctantly and only upon a clear showing that the injunction before trial is definitely demanded by the Constitution and by the other strict legal and equitable principles that restrain courts.

*Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990); *see also Taylor v. City of Chesapeake*, 213 F. Supp. 713, 716 (E.D. Va. 1970) (stating, in a case involving a complaint against a city council, that "[a] court should at all times exercise care and caution in issuing injunctions, particularly against another court, and more particularly against another sovereign."). Here, plaintiff seeks to stop the Salem City Council from *voting* on proposed legislation. That strikes me as an even greater infringement of the democratic process than blocking the *enactment* of a piece of legislation. Moreover, because the City Council has not yet voted, plaintiff's claim may not yet be ripe. *See Galice Min. Dist. v. Oregon*, 2013 WL 3819432, at *2 (D. Or. July 18, 2013) (challenge to law was not yet ripe when law had passed in both chambers of Oregon Legislature but had not yet been signed by the governor).

## CONCLUSION

Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction (doc. 24) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of August 2018.

Ann Aiken
United States District Judge